IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO. 3:04CR259

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | O R D E R |
| | ) | |
| ROBERT JOHN ULRICH | ) | |

**THIS MATTER** is before the Court on the Defendant's motion to exempt him from the Inmate Financial Responsibility Program. The motion is denied.

It is first noted that the authority and method of collection through this program as well as a determination of the Defendant's ability to pay has been delegated to the Bureau of Prisons (BOP) by federal regulations. **28 C.F.R. §§ 545.10-.16.** Defendant, who claims dissatisfaction with the program, is obligated to exhaust all administrative remedies through the BOP before approaching the appropriate district court. *Aja v. Bureau of Prisons Staff*, 202 F.3d 267 (table), 1999 WL 1336093 (6th Cir. 1999); *United States v. Rumney*, 86 F.3d 1147 (table), 1996 WL 325485 (1st Cir. 1996); *Indelicato v. Suarez*, 207 F.Supp.2d 216 (S.D.N.Y. 2002).

In addition, the Defendant's argument that the Inmate Financial Responsibility Program is unconstitutional is rejected. Assuming *arguendo* that a prisoner has some property stake in working during incarceration, it is not unconstitutional to condition the right to work to an agreement that BOP will garnish a portion of the inmate's earnings for payment toward fines, assessments and/or restitution. ***James v. Quinlan*, 866 F.2d 627 (3d Cir. 1989).** Indeed, such payments may be collected from non-wage funds contained within a prisoner's inmate account. ***Moreno v. Hood*, 10 Fed. Appx. 600 (9th Cir. 2001).**

**IT IS, THEREFORE, ORDERED** that the Defendant's motion is hereby **DENIED**.

Signed: November 5, 2005

Lacy H. Thornburg
United States District Judge